UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' ANNUITY FUND; TRUSTEES OF CARPENTERS' PENSION TRUST FUND - DETROIT AND VICINITY; TRUSTEES OF THE MICHIGAN STATEWIDE CARPENTERS AND MILLWRIGHTS JOINT APPRENTICESHIP AND TRAINING FUND; TRUSTEES OF THE MICHIGAN FUND FOR THE ADVANCEMENT OF THE CARPENTRY TRADE; TRUSTEES OF THE CARPENTERS' LABOR MANAGEMENT PRODUCTIVITY AND TRAINING FUND; TRUSTEES OF THE CARPENTERS' GUARANTY FUND; TRUSTEES OF THE CARPENTERS' INDUSTRY ADVANCEMENT FUND; TRUSTEES OF THE CARPENTERS' APPRENTICE REIMBURSEMENT FUND; TRUSTEES OF THE CARPENTER'S WORKING DUES FUND; TRUSTEES OF THE CARPENTER'S SPECIAL ASSESSMENT FUND;  THE MICHIGAN REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA;

   Plaintiffs,

v.

BRD, Inc., a Michigan Corporation; LOIS DAVIS, an individual; and RIKKI B. DAVIS, an individual, jointly and severally.

   Defendants.

Case No. 16-12962

Hon.

NOVARA TESIJA, P.L.L.C.
Bryan M. Beckerman (P51925)
Katina K. Gorman (P75135)
Attorneys for Plaintiffs
2000 Town Center, Ste. 2370
Southfield, MI 48075
(248) 354-0380
bmb@novaratesija.com
kkg@novaratesija.com

**PLAINTIFFS' COMPLAINT**

  NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA, P.L.L.C., and for their Complaint, state as follows:

  1.  The Trustees of the Michigan Regional Council of Carpenters' Employee Benefits Fund; Trustees of the Michigan Regional Council of Carpenters' Annuity Fund; Trustees of the

Carpenters' Pension Trust Fund – Detroit and Vicinity; Trustees of the Michigan Statewide Carpenters and Millwrights Joint Apprenticeship and Training Fund; Trustees of the Michigan Fund for the Advancement of the Carpentry Trade; Trustees of the Carpenters' Labor Management Productivity and Training Fund; Trustees of the Carpenters' Guaranty Fund; Trustees of the Carpenters' Industry Advancement Fund; Trustees of the Carpenters' Apprentice Reimbursement Fund; Trustees of the Carpenters' Working Dues Fund; Trustees of the Carpenters' Special Assessment Fund (hereinafter, collectively "the Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2. The Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (hereinafter "MRCC" or "Union") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 400 Renaissance Center, Suite 1010 Detroit, Michigan 48243.

3. Upon information, knowledge and belief, Defendant B.R.D., Inc., (hereinafter "Company") is a Michigan Corporation, located and doing business in the State of Michigan at 8000 Park Place, Brighton, Michigan 48116.

4. Upon information, knowledge and belief, Defendant Lois Davis is an owner, officer, director, shareholder and/or manager of Company, who is doing business at Company's location of 8000 Park Place, Brighton, Michigan 48116.

5. Upon information, knowledge and belief, Defendant Rikki B. Davis is an owner, officer, director, shareholder, and/or manager of Company, who is doing business at Company's location of 8000 Park Place, Brighton, Michigan 48116.

6. Jurisdiction in this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal

common law.  This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

7. Plaintiffs hereby re-allege and incorporate the allegations contained in Paragraphs 1 through 6 of their Complaint as fully set forth herein.

8. Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

9. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

10. Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements").  Defendants have copies of all records within their files; notwithstanding, Plaintiffs have attached a copies of the collective bargaining agreements, along with its signature page hereto as **Exhibit 1** and the relevant Trust Agreements as **Exhibit 2, 2-1 and 2-2**.

11. The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

12. Company has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

13. As a result of Company's violations of its contractual and statutory obligations, Defendants have violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

14. Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

15. At all relevant times, Defendant Company was bound to the parties' collective bargaining agreement, which includes, but is not limited to, the time period of November 2015 to the present.

16. The Funds have been damaged in an amount as found due by Company's own fringe benefit reports covering the work months of November 2015 through February 2016.

17. Said reports calculated amounts owing of $68,357.88 for November 2015, $60,443.12 for December 2015, $96,918.29 for January 2016 and $126,825.04 for February 2016, totaling $352,544.33 (see **Exhibit 3**, attached hereto and made a part hereof by reference).

18. Company paid an amount of $63,023.63 covering health and welfare fringe benefits for the time period of November 2015 through January 2016; and $5,161.44 in April 2016; and a joint check was received from Roncelli in the amount of $35,807.75 dated May 5, 2016, leaving a balance owed of $248,551.51 in outstanding fringe benefit contributions (see **Exhibit 3**).

19. Further, in operating Company, upon information, knowledge and belief, Defendants Lois Davis and Rikki B. Davis have, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

20. An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant Company to pay delinquencies owed to Plaintiffs and their participants is in serious doubt.

21. Defendant Company has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money

paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

22. As officers, directors, manager, members and/or shareholders and people who make decisions, Defendant Lois Davis and Defendant Rikki B. Davis, are responsible for Defendant Company's compliance with its contractual and statutory obligations to Plaintiffs.

23. Notwithstanding Company's contractual and statutory obligations, upon information, knowledge and belief, Defendants Lois Davis and Rikki B. Davis failed to follow business formalities, had personal knowledge of Company's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

24. Because of Defendants Lois Davis and Rikki B. Davis's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against Company, Lois Davis and Rikki B. Davis, in an amount of $248,551.51, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

25. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 24 of their Complaint as fully set forth herein.

### General

26. Participants of the Funds were employed by Company to perform work and provide labor on various construction projects in the State of Michigan.

5

27. The participants of the Funds provided labor and services, on behalf of Company, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

28. Company was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

29. The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

30. Company received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

31. The accrued fringe benefit contributions and monies in Company's possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

32. The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2,** Article II, Section 2.3, Pages 22-23; **Exhibit 2-1,** Article VI, Section 8, Page 23; and **Exhibit 2-2,** Article II, Section 2.3, Page 34-35, attached hereto and made a part hereof by reference) provide that unpaid contributions become plan assets at the time they become due.

33. Defendants, including the individual Defendants, being Lois Davis and Rikki B. Davis, had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

34. Thus, Company accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due, as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

35. ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

36. Owners, officers, and/or directors of Company are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

## LOIS DAVIS

37. Defendant Lois Davis as an owner, officer, and/or director of Company, and upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, being plan assets recognized by ERISA.

38. Defendant Lois Davis, as an owner, officer, and/or director of Company is considered a fiduciary of the Funds based upon her conduct and authority over the contributions associated with same.

39. Upon information, knowledge and belief, Defendant Lois Davis, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

40. Since Defendant Lois Davis, as an owner, officer, and/or director of Company personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, she is a fiduciary of the Funds.

41. Although legally and contractually obligated to do so, Defendant Lois Davis failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

42. Upon information, knowledge and belief, Defendant Lois Davis utilized the accrued outstanding fringe benefit contributions and monies within her possession, custody and/or control for purposes other than payment to Plaintiffs.

7

43. In failing to turn over such plan assets to Plaintiffs, Defendant Lois Davis violated 29 U.S.C. §§1145, 1104 and 1109, and her obligations under the CBA and Trust Agreements.

44. Defendant Lois Davis's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

45. Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Lois Davis failed to discharge her fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

46. ERISA imposes personal liability on a fiduciary that breaches fiduciary duties. 29 U.S.C. §1109.

47. As a result of his above-mentioned actions, Defendant Lois Davis breached her fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

48. Defendant Lois Davis knew or should have known that she would be held personally liable for her above-referenced actions.

49. ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

50. Due to the above-mentioned actions and/or inactions of Defendant Lois Davis, the loss to the Funds is to be determined.

51. Defendant Lois Davis, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

52. As stated within, the Funds have been damaged in an amount to be determined because of Defendant Lois Davis's breach of her fiduciary duties.

## **RIKKI B. DAVIS**

53. Defendant Rikki B. Davis as an owner, officer, and/or director of Company, upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, being plan assets recognized by ERISA.

54. Defendant Rikki B. Davis, as an owner, officer, and/or director of Company is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

55. Upon information, knowledge and belief, Defendant Rikki B. Davis, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

56. Since Defendant Rikki B. Davis, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

57. Although legally and contractually obligated to do so, Defendant Rikki B. Davis failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

58. Upon information, knowledge and belief, Defendant Rikki B. Davis utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

59. In failing to turn over such plan assets to Plaintiffs, Defendant Rikki B. Davis violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

60. Defendant Rikki B. Davis's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the

Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

61. Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Rikki B. Davis failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

62. ERISA imposes personal liability on a fiduciary who breaches fiduciary duties. 29 U.S.C. §1109.

63. As a result of his above-mentioned actions, Defendant Rikki B. Davis breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

64. Defendant Rikki B. Davis knew or should have known that he would be held personally liable for his above-referenced actions.

65. ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

66. Due to the above-mentioned actions of Defendant Rikki B. Davis, the loss to the Funds is to be determined.

67. Defendant Rikki B. Davis, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

68. As stated within, the Funds have been damaged in an amount to be determined because of Defendant Rikki B. Davis's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

    a. Enter a judgment in the Plaintiffs' favor against Defendant Company and Defendants Lois Davis and Rikki B. Davis, in an amount of $248,551.51, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

    b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

    c. Enter a declaratory order finding that Company is bound by the collective bargaining agreement; and

    d. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT III
## BUILDERS TRUST FUND

69. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 68 of their Complaint as fully set forth herein.

70. Participants of the Funds were employed by Defendant Company to perform work on various construction projects in the State of Michigan.

71. Defendant Company has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

72. The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

73. Under the Act, Company, Lois Davis and Rikki B. Davis are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Company on said projects.

74. The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

    a. Enter a judgment in the Plaintiffs' favor against Defendants Company, Lois Davis and Rikki B. Davis, for no less than $248,551.51, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

    b. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

  c. Any such other further or different relief as may be just and equitable under the circumstances.

        Respectfully submitted,

        NOVARA TESIJA, P.L.L.C.

BY: /s/Bryan M. Beckerman
  Bryan M. Beckerman (P51925)
  Katina K. Gorman (P75135)
  Attorneys for Plaintiffs
  2000 Town Center, Suite 2370
  Southfield, MI  48075-1314
  (248) 354-0380
  bmb@novaratesija.com
  kkg@novaratesija.com

Dated:  August 15, 2016

W:\FUNDS\Mrcc\LITIGATION\BRD Inc\Pleadings\Complaint.Doc

12